SIDNEY ZEHMAN AND IRENE ZEHMAN, HUSBAND AND WIFE, PETI-
TIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MILTON WOLF AND ROSLYN WOLF, HUSBAND AND WIFE, PETITIONERS,
*v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55016, 55017.    Filed February 28, 1957.

*Jerome N. Curtis, Esq.,* and *Richard Katcher, Esq.,* for the petitioners.

*Maurice B. Townsend, Jr., Esq.,* for the respondent.

OPINION.

MULRONEY, *Judge:* Respondent determined deficiencies in income tax against petitioners Sidney Zehman and his wife, Irene Zehman, for the year 1952 in the sum of $1,809.30 and against Milton Wolf and his wife, Roslyn Wolf, for the year 1952 in the sum of $893.50.

The two cases were consolidated and all of the facts were stipulated. The single question presented involves a deduction for wage payments in excess of an amount determined as allowable by the Wage Stabilization Board.

Petitioners Sidney Zehman and Milton Wolf were at all pertinent times partners in the Zehman-Wolf Construction Company. Sidney Zehman and his wife, Irene, live in University Heights, Ohio, and they filed their joint income tax return for 1952 with the district director of internal revenue at Cleveland, Ohio. Milton Wolf and his wife, Roslyn, live in Shaker Heights and they filed their joint income tax return for 1952 with the district director of internal revenue at Cleveland, Ohio.

The partnership was engaged in the building construction business, furnishing the material and labor in the performance of building contracts. In its partnership income tax return for its fiscal year ended August 31, 1952, the partnership claimed $893,099.01 as its cost of goods sold, which sum included amounts paid to bricklayers and foremen in excess of the wages allowable by the Wage Stabilization Board.

On February 11, 1953, respondent received from the Economic Stabilization Agency, National Enforcement Commission, a Certificate of Disallowance certifying the partnership "has been found to have made payments in contravention of the Defense Production

Act, as amended, and the regulations of the Wage Stabilization Board, Economic Stabilization Agency issued thereunder [and] [f]or the purpose of calculating the deductions of the partnership in its federal income tax information return, the sum of $4,000.00 shall be disregarded for the partnership's taxable year ending August 31, 1952, and said deduction shall be charged therein against the income of the partners, * * *."

The Defense Production Act of 1950, as amended, provides in title IV, in part, as follows (64 Stat. 803, 50 U. S. C. Appendix secs. 2101–2110):

Sec. 401. * * * Whenever the authority granted by this title is exercised, all agencies of the Government dealing with the subject matter of this title, within the limits of their authority and jurisdiction, shall cooperate in carrying out these purposes.

\*     \*     \*     \*     \*     \*     \*

Sec. 405 (b). No employer shall pay, and no employee shall receive, any wage, salary, or other compensation in contravention of any regulation or order promulgated by the President under this title. The President shall also prescribe the extent to which any wage, salary, or compensation payment made in contravention of any such regulation or order shall be disregarded by the executive departments and other governmental agencies in determining the costs or expenses of any employer for the purposes of any other law or regulation.

The Economic Stabilization Agency issued General Order No. 15, effective April 5, 1952, dealing with the policy and procedure with respect to disallowances for violation of title IV of the Act and that order provides, in part, as follows:

Sec. 4. *Disallowance Policy*—(a) *Purpose of disallowance.* The disallowances under the authority granted by sections 2 and 3 may be made for one or more of the purposes of:

1. Calculating deductions * * * under the Revenue Laws of the United States.

Acting pursuant to the mandate of the Certificate of Disallowance of the Wage Stabilization Board, the respondent disallowed the $4,000 of wage payments as a deduction, for the purpose of determining the individual petitioners' tax liability. The resulting determination of deficiencies in income tax of the partners and their wives is challenged by the petitions of the partners in which it is alleged that the wage item constituted capital costs.

We can best set forth the contention of petitioners by the following quotation from their brief:

Zehman-Wolf Construction Company, a partnership, is engaged in the business of a mason contractor. It sold to its customers the services of bricklaying. In order to perform the services that it sold and agreed to render to its customers, said partnership employed bricklayers to perform these services. The services of these bricklayers represented said partnership's capital. Under the Sixteenth Amendment Congress can constitutionally tax as income only that amount which remains after the partnership has recouped its investment—the cost to it of the services of its employees. This principle has been consistently recognized by the Commissioner's own Regulations and by the courts.

In view of the fact that the amounts paid by the partnership to its employees represent its capital in its business, Section 405 (b) of the Defense Production Act of 1950, as amended, (herein sometimes referred to as the "Act") which deals with the disallowance of wage payments paid in contravention thereof in determining *deductible expenses* under Section 23 (a) of the Internal Revenue Code of 1939, does not apply. Even if that Act can be interpreted to disallow as part of the partnership's cost of goods sold its capital investment, it is unconstitutional, because to that extent the resulting tax is not levied on income within the meaning of the Sixteenth Amendment.

Petitioners' entire argument was disposed of in our Opinion in *Weather-Seal Manufacturing Co.*, 16 T. C. 1312, affirmed per curiam (C. A. 6) 199 F. 2d 376. There the controversy arose because of the disallowance of over-ceiling wage payments under the Emergency Price Control Act of 1942, 56 Stat. 765, 50 U. S. C. Appendix sec. 961. The Defense Production Act of 1950 was merely a reenactment of the Price Control Act of 1942. *United States* v. *Excel Packing Co.*, (C. A. 10) 210 F. 2d 596. In the *Weather-Seal* case the disallowed wages were for the taxpayer's employees who worked in the taxpayer's manufacturing plant in the production of storm doors and windows and fittings thereto. The National War Labor Board had determined $5,000 of the wages paid to such employees was in violation of the wage stabilization laws and had notified the Commissioner of Internal Revenue such payment should be disallowed in calculating costs and deductions for income tax purposes. The taxpayer appealed from the disallowance and advanced the same argument as is here made, namely, that the item of wages constituted a part of its capital cost, and the law was not intended to mean such wage items were to be disregarded and if it did, then the resulting taxes would be invalid under the Sixteenth Amendment of the Federal Constitution as not levied on income.

We held in the *Weather-Seal* case that Congress, in enacting the Emergency Price Control Act, had in mind section 23 (a) (1) (A) of the Internal Revenue Code of 1939, which specifically provides for the deduction of "ordinary and necessary [business] expenses * * * including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *." We then held the law and Executive Order, which provided wage payments in contravention thereof should be disregarded, were a declaration "that as a matter of law such payments shall not constitute reasonable compensation deductible under section 23 (a) (1) (A), *supra*." Upon the argument advanced by the taxpayers in the *Weather-Seal* case, that the item of wages represented a part of costs, we said:

We regard as unsound the petitioner's major premise that the item of wages involved constitutes a part of its capital cost which is inviolable for income tax purposes and that therefore such wages may not be properly regarded, for any reason, as falling in the category of a deduction subject to question as to whether allowable or disallowable under section 23 (a) (1) (A), *supra*. * * *

We went on to point out the treatment given to wage items on the tax return or in accounting practice was immaterial. We said, if treated as part of the cost of goods sold in calculating gross receipts from a trade or business, or if treated as a business expense deduction, the end result is the same. We held that in either instance the deduction is under section 23 (a) (1) (A), *supra*, as compensation for personal services actually rendered, and allowable if reasonable in amount.

Petitioner seeks to distinguish the *Weather-Seal* case by an argument that there the tangible goods produced, the storm doors and windows, constituted the taxpayer's capital while here the partnership sold the services of its employees, and, in the words of the brief, "these services in reality constituted the partnership's capital." We see no such distinction on the facts between the instant case and the *Weather-Seal* case, which would require a different conclusion than the one reached in the latter case.

The partnership here was a construction company engaged in the performance of construction contracts for the building of houses and buildings by furnishing material and labor. If a building contractor can be said to be selling anything, he sells performance or that which is produced from his own material and by his own employees. That is what the taxpayer sold in the *Weather-Seal* case—the storm doors and windows produced from his own material and by his own employees. The situs of the performance of the work, whether on the job site or in a factory, is immaterial. In both instances the employees work for the employers to create that which the employer produces in his business. In both instances the wages paid to the employees constitute a legitimate business expense under section 23 (a) (1) (A) and are deductible if reasonable in amount. In the instant case, the wage item in question was not reasonable because in contravention of the Defense Production Act just as we held the payment in the *Weather-Seal* case was not reasonable because in contravention of the Price Control Act. The instant case is ruled by our Opinion in the *Weather-Seal* case. The respondent was right in disallowing the deduction.

*Decisions will be entered for the respondent.*