**SOLON DECORATING COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Sidney ZEHMAN and Irene Zehman, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Milton WOLF and Roslyn Wolf, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 13296–13298.**

United States Court of Appeals
Sixth Circuit.

March 13, 1958.

Richard Katcher, Cleveland, Ohio (Jerome N. Curtis and Herbert B. Levine of Ulmer, Berne, Laronge, Glickman & Curtis, Cleveland, Ohio, on the brief), for petitioners.

I. Henry Kutz, Washington, D. C. (Charles K. Rice, Lee A. Jackson, Fred E. Youngman, Washington, D. C., on the brief), for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

These petitions to review decisions of the Tax Court were consolidated here for briefing, hearing and decision. Identical questions are presented in all three cases: Did the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq. provide for the disallowance for income tax purposes of wage payments made by taxpayers in violation of the wage stabilization provisions of the Act and certified to the Commissioner for disallowance? If it did so provide, did the 1950 Act impose a tax on capital in violation of Article I, Section 9, of the Constitution rather than a tax on income within the meaning of the Sixteenth Amendment?

The Tax Court held that the statute did provide for such disallowances, and that the disallowances did not amount to a capital levy. 1957, 27 T.C. 876. In reaching this conclusion the court relied upon its prior decision in Weather-Seal Manufacturing Company, 16 T.C. 1312, affirmed by this court, 1952, 199 F.2d 376. See also, N. A. Woodworth Co. v. Kavanagh, D.C.E.D.Mich. 1952, 102 F.Supp. 9, affirmed 6 Cir., 1953, 202 F.2d 154.

Although the petitioners' argument is not without force, this court has already clearly determined the issues against them, as indicated above. Upon the principle of *stare decisis,* if upon no other, we would affirm the decisions of the Tax Court. It is worth adding, however, that the Court of Claims has recently had occasion to give full consideration to the issues involved, and has decided them against the taxpayers, albeit by a divided court. Pedone v. United States, Ct.Cl., 151 F.Supp. 288, certiorari denied 1957, 355 U.S. 829, 78 S.Ct. 40, 2 L.Ed.2d 42.

The decisions of the Tax Court are affirmed.